UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT VENCHIARUTTI, et al.,<br><br>Defendants. | Case No. 5:11-cv-05496-HRL<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AND JUDGMENT ENTERED FOR DEFENDANTS** |

Defendants have filed what the court will deem to be an administrative motion to dismiss this suit and enter judgment in their favor. In support, they point out that all of plaintiff's claims were dismissed with leave to amend, but plaintiff did not file an amended complaint or seek an extension of time. The deadline for a filing has passed.

Accordingly, no later than June 24, 2015, plaintiff shall file a response to this order, showing cause why this case should not be dismissed and judgment entered for defendants.[1]

---

[1] Aaron Greenspan, the plaintiff's president and Chief Executive Officer, sent a letter to the court advising that the corporation's lawyer, Michael Aschenbrener, had unilaterally stopped representing plaintiff and closed his practice. Mr. Greenspan urged the court to allow him, although he is not an attorney, to represent the plaintiff going forward. Specifically, he wanted to file a post-judgment motion to recover attorney fees from defendants under 42 U.S.C. § 1988. The purported basis for a fees award would be that this lawsuit was a catalyst for the State of California to make several amendments to the Money Transmission Act, the very statute that plaintiff's suit challenged. Under this theory, plaintiff would be the "prevailing party" not because

SO ORDERED.

Dated: June 10, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

it won the suit, but because the lawsuit reportedly brought about the desired result.

Neither the status of plaintiff's legal representation nor the question of recovery of fees is formally before the court at this time, but the court's thinking is as follows:

(1) If Mr. Greenspan's representations are correct, it is an appalling breach of professional responsibilities for plaintiff's attorney to abandon a client without bothering to seek the court's permission to withdraw. Nevertheless, the court does not have the authority to permit a corporation to represent itself pro se. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); In Re Highley, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law").

(2) As the court understands the current state of the law, a motion for fees based on the catalyst theory would likely be unsuccessful. The United States Supreme Court in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001) ruled that, for purposes of an attorney fee award, a plaintiff is not a prevailing party where it achieves a desired result because the lawsuit brings about a voluntary change in the defendant's conduct. See also Bennett v. Yoshina, 259 F.3d 1097, 1100-01 (9th Cir. 2001) ("There can be no doubt that the Court's analysis in *Buckhannon* applies to statutes other than the two at issue in that case. Specifically, the provision at issue in this case, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, was cited by the Court as a 'nearly identical [fee-shifting] provision[ ]' to the two at issue in *Buckhannon*, 532 U.S. at —— n. 4, 121 S.Ct. at 1839 n. 4, and the Court noted that it has interpreted Congress's various fee-shifting provisions consistently.").

5:11-cv-05496-HRL Notice has been electronically mailed to:

Michael Brooks Carroll    carroll_law@sbcglobal.net

Michael James Aschenbrener    mja@aschenbrenerlaw.com, legal@thinkcomputer.com

Peter Keller Southworth    Peter.southworth@doj.ca.gov

Ryan Marcroft    Ryan.Marcroft@doj.ca.gov, janice.titgen@doj.ca.gov, marc.leforestier@doj.ca.gov

5:11-cv-05496-HRL Courtesy copy of this document sent by U.S. Mail to:

Aaron Greenspan
Think Computer Corporation
1132 Boranda Avenue
Mountain View, CA 94040